UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

MIKE KAPFHAMMER                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:19-CV-497-JHM

CHIEF LMPD CONRAD                                           DEFENDANT

**MEMORANDUM OPINION**

*Pro se* Plaintiff Mike Kapfhammer filed the instant action. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff names "Chief LMPD Conrad" as Defendant. Plaintiff's complaint alleges *in toto*:

> He is on purpose running out the time of my open records request on report No. CACP18288471. He is depriving me of my rights to body cam (Five) and Cor Came (one) by. This incident happened last year July 15. He has had the complaint sitting on it for a year.

As relief, Plaintiff states: "I want the clock to stop on the body cams so I can get my copies – the clock is ticking. Seven days left."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court construes Plaintiff's complaint as alleging a violation of the Kentucky Open Records Act. However, this federal court does not have jurisdiction to consider this state-law claim unless diversity jurisdiction is present. Plaintiff cannot bring this suit based on diversity jurisdiction. Plaintiff resides in Louisville, Kentucky, as does Defendant. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each*

defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Clearly, complete diversity is lacking here; moreover, Plaintiff does not allege that there is more than $75,000 in controversy.

The Court also considers whether Plaintiff's reference to his "rights" is intended to invoke this Court's federal-question jurisdiction under 42 U.S.C. § 1983 as a civil-rights complaint. However, an alleged violation of the Kentucky Open Records Act, a state law, does not give rise to a § 1983 claim. To state a claim under § 1983, "[a] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Kentucky Open Records Act is a state law, and a violation of that statute does not give rise to a § 1983 claim.

To the extent that Plaintiff is attempting to allege a procedural due process claim based on his Open Records Act request, the Kentucky Open Records Act, Ky. Rev. Stat. § 61.870 *et seq.*, provides for an appeal process. Under Ky. Rev. Stat. § 61.880(5)(b), an individual who receives an unsatisfactory response, including a refusal to provide a written response, to an open records request may appeal to the Attorney General. The individual may then appeal the Attorney General's decision in the circuit court of the county where the public records are maintained. Ky. Rev. Stat. § 61.882(1). Because Plaintiff has not alleged that he undertook any effort to appeal under the state appellate procedure, he cannot state a procedural due process claim under § 1983. *See Herbig v. Louisville Metro Dep't of Corr.*, No. 3:19-CV-P395-RGJ, 2019 WL 4478862, at *3 (W.D. Ky. Sept. 18, 2019) (dismissing the plaintiff's procedural due process claim regarding not receiving a response to an Open Records Act request for failure to state a claim because the plaintiff did not allege that he took any effort to appeal under the state

appellate procedure); *see also Violett v. Cohron*, No. 1:15-CV-P142-GNS, 2016 WL 1421200, at *5 (W.D. Ky. Apr. 8, 2016). Therefore, to the extent that Plaintiff is raising a procedural due process claim, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court, by separate Order, will dismiss this action.

Date: October 16, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.009